UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| AGGREGATE PROCESSING, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>INDIANA SHINGLE RECYCLING, )<br>LLC, )<br>)<br>    Defendant. ) | Civil Action No. 3:23-CV-35-CHB<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on Defendant Indiana Shingle Recycling, LLC's Motion to Set Aside Default Judgment. [R. 31]. Plaintiff Aggregate Processing, Inc. ("API") has responded to the motion, [R. 35], and Defendant timely filed a reply. [R. 39]. Plaintiff then filed a Motion for Leave to File Sur-Reply, which included a six-page sur-reply that addressed Defendant's substantive arguments under Rule 60, [R. 40], to which Defendant responded. [R. 42]. Plaintiff has not filed a reply, and the time to do so has passed. Accordingly, the motions are ripe for review. For the reasons set forth below, the Court will grant Plaintiff's Motion for Leave to File Sur-Reply and grant Defendant's Motion to Set Aside Default Judgment.

## I.   BACKGROUND

Plaintiff and Defendant entered into a contract involving field installation work. [R. 1-1]. Plaintiff is a Kentucky-based "business [specializing in] fabricating and installing parts of, or turn-key, systems for the processing or conveying of industrial materials." [R. 1, ¶ 1]. Defendant is a company that "recycle[es] asphalt shingles" and is located in Indiana. *Id.* at ¶ 2. In October 2022, Defendant asked Plaintiff to submit a quote for a project involving the installation of a fabric roof on a building at Plaintiff's job site. *Id.* After asking for this submission, Defendant also asked

Plaintiff to "submit a quote for the fabrication of a feed chute for use as a component part for a Hammermill crusher system." *Id.* at ¶ 3. In particular, Plaintiff notes, there were three parts to such a system, and Defendant "was to supply those three component parts" for this fabrication project. *Id.* Defendant accepted Plaintiff's quote for the installation and fabrication projects, and the parties signed a contract to codify this agreement. [R. 1, ¶ 3]; *see* [R. 1-1]. In the contract, the parties included a "payment terms" provision, which stated:

> **PAYMENT TERMS** – During the process of this project if the payment terms are not followed, per the quoted / agreed upon terms, then a late charge will be applied to the unpaid balance. The late charge will be assessed and applied based on how long the customer is in default. The minimum assessment for the late charge will be at ten percent (10%) / per annum. Also note that if the payments are not made per the quoted / agreed upon terms, then the uncompleted work may stop or we may be forced to leave the jobsite, until such remedies are made to meet the original payment schedule. If we do have to leave a site based on payment issues, this will result in additional charges to the owner for remobilization fees and the project installation time will be extended by that same amount of time, as which it took to get the payment status current. Late payments hinder Seller's ability to perform the intended work, pay associated vendors and reduces our credit rating, which hinders our ability to be competitive in the marketplace. Buyer shall indemnify and hold harmless Seller for any and all damages and expenses (including reasonable attorneys' fees) incurred by Seller in enforcing the agreed upon terms of this contract.

[R. 1-1, p. 5].

Plaintiff began working on the projects at Defendant's job site. [R. 1, ¶ 4]. After approximately two weeks of Plaintiff working on the installation project, Defendant requested that Plaintiff also install the Hammermill crusher system once the fabrication of the feed chute was complete. *Id.* Installation of the Hammermill crusher system was not included as part of either of Plaintiff's previous quotes related to the installation and fabrication projects. Plaintiff claims that all work was completed for the installation and fabrication projects, along with installation of the Hammermill crusher system. *Id.*

Plaintiff's Complaint alleges that Defendant paid for the fabrication project in its entirety, but Defendant did not pay the full amount due for the installation of the fabric roof or the installation of the Hammermill crusher system. *Id.* at ¶ 5.

Plaintiff filed a Complaint against Defendant on January 19, 2023, alleging one count of breach of contract. *See* [R. 1]. Plaintiff requested that a copy of the summons and complaint be served by certified mail to: Liesel Ray, Registered Agent for Indiana Shingle LLC, 4000 W 106th St., Suite 125, Carmel, Indiana 46032. [R. 5]. Defendant provided this address as the address for its Registered Agent, Liesel Ray, to the Indiana Secretary of State's Office in May 2021. *See* [R. 36]. The mailing address, Plaintiff later determined, was for a United Parcel Service ("UPS") store. [R. 35]. The receipt was returned, signed by "Shane." [R. 6]. Defendant did not file an answer or otherwise make an appearance in the case. On June 7, 2023, Plaintiff filed a motion for default judgment with the clerk. [R. 13]. On June 8, 2023, the clerk entered default against Defendant. [R. 15]. The Court sent a copy of the Clerk's Entry of Default to Liesel Ray at the same address listed above, but the mail was returned as undeliverable. [R. 22]. On July 10, 2023, Plaintiff moved for default judgment with this Court and requested a judgment of $116,985.33, which included damages for the breach, late charges, attorney's fees, litigation costs, and post-judgment interest. [R. 16].

The matter was thereafter referred to Magistrate Judge Lindsay, [R. 20], who held an evidentiary hearing on November 15, 2023 and ordered Plaintiff to file supplemental briefing on whether certain provisions of the contract "only applied to the work explicitly described in the contract." [R. 23]. The Plaintiff did so. [R. 27]. At the evidentiary hearing, Magistrate Judge Lindsay also heard testimony from Plaintiff-corporation's President John Hutchins, who supported Plaintiff's assertions in the Complaint. [R. 23]. During the evidentiary hearing, Plaintiff revised

3

the total damages it sought to $102,317.21. [R. 24-7]. Defendant did not respond or appear before the filing of Magistrate Judge Lindsay's Report and Recommendation.

In his Recommendation, Magistrate Judge Lindsay detailed the facts supporting entry of a default judgment under Rule 55(b), which "allows the Court to enter a default judgment against a defendant that has failed to plead or otherwise defend in a case." [R. 28, p. 4 (citing Fed. R. Civ. P. 55(b))]. Magistrate Judge Lindsay found that Plaintiff was "entitled to a judgment as to [Defendant]'s liability because the latter ignored this lawsuit after properly being served with process." *Id.* Magistrate Judge Lindsay acknowledged, however, that "a default judgment on well-pleaded allegations 'establishes only [D]efendant's liability; [P]laintiff must still establish the extent of damages.'" *Id.* at 4–5 (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). Magistrate Judge Lindsay thus "conduct[ed] an inquiry in order to ascertain the amount of damages" Plaintiff is entitled to "with reasonable certainty." *Id.* (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)).

Having conducted such an inquiry, Magistrate Judge Lindsay recommended that Plaintiff receive the default judgment sought, in part. [R. 28, p. 15]. More specifically, he recommended that Aggregate Processing be awarded $95,069.21, as opposed to the $102,317.21 originally sought, which can be broken down into the following categories:

a) $69,007.50 for unpaid invoices;
b) $8,475.00 for time enforcing the contract;
c) $6,900.75 in late charges/interest;
d) $10,200.00 in attorneys' fees; and
e) $485.96 in costs.

*Id.* at 14–15. Magistrate Judge Lindsay determined Plaintiff is entitled to post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 from the date of the judgment until paid in full. *Id.* at 15.

Magistrate Judge Lindsay's Report and Recommendation advised the parties that any objections must be filed within fourteen days. *Id.* No objections were filed. On January 3, 2024, this Court adopted Judge Lindsay's Report and Recommendation, [R. 29], and entered default judgment. [R. 30].

On June 27, 2024, Defendant filed a Motion to Set Aside Default Judgment because "the [j]udgment is void as a matter of law" under Rule 60(b)(4), [R. 31]. Plaintiff filed a response, [R. 35], alleging that the judgment is not void because service was proper under Indiana law. In reply, Defendant argued that, even if service was proper, the default judgment should be set aside for good cause under Rule 60(b)(1), [R. 39]. The plaintiff filed a Motion for Leave to File Sur-Reply on October 15, 2024, asking the Court to allow it to respond to Defendant's arguments regarding good cause "[b]ecause the defendant raised new substantive arguments in its reply brief." [R. 40, p. 1]. Defendant timely responded in opposition, asserting that it did not introduce a new argument in reply and that Plaintiff's motion was "untimely." [R. 42, p. 2]. Plaintiff did not file a reply, and the time to do so has passed. The Court will now consider the motions.

## II.  ANALYSIS

### A.  **Plaintiff's Motion for Leave to File Sur-Reply**

The Court first turns to Plaintiff's Motion for Leave to File Sur-Reply. Plaintiff argues that this motion should be granted "[b]ecause the defendant raised new substantive arguments in its reply brief" about setting aside the default judgment for good cause, [R. 40, p. 1], and it should have the opportunity to respond to this argument. In response, Defendant alleges that this motion should be denied because it did not raise any new arguments; instead, Defendant claims that its reply expanded upon another reason to set aside the default judgment under Rule 60(b). *See* [R. 42]. Plaintiff did not file a reply.

"Whether to permit a party to file a sur-reply is a matter left to the trial court's discretion." *Cochran v. Jefferson Cnty. Pub. Sch. Bd. of Ed.*, No. 3:15-CV-751-GNS, 2016 WL 3460443, at *2 (W.D. Ky. June 21, 2016). Although "[n]either the Federal Rules of Civil Procedure nor the Court's local rules" provide for the filing of sur-replies, "such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Luster v. Luster*, No. 1:20-CV-211-GNS, 2021 WL 3711197, at *3 (W.D. Ky. Aug. 20, 2021); *Key v. Shelby Cnty.*, 551 Fed. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).

Here, the Court finds that Defendant did raise a new argument. In its Motion to Set Aside Default Judgment, Defendant focused its argument on improper service under Indiana law, contending that the judgment was void under Rule 60(b)(4) because the Court lacked personal jurisdiction over it. *See* [R. 31]. In reply, however, Defendant conceded that even if service was proper under Indiana law, default judgment should be set aside because Defendant has shown good cause under Rule 60(b)(1). [R. 39]. Defendant did not engage in arguments about good cause prior to its reply and essentially abandoned its argument about improper service in reply by not responding to Plaintiff's arguments raised in its response brief. *See* [R. 31]; [R. 39]. It is well settled that, in the Sixth Circuit, "arguments raised for the first time in a party's reply brief are waived." *Irwin Seating Co. v. Inter. Bus. Machs. Corp.*, No. 1:04-CV-568, 2007 WL518866, at *2 n.2 (W.D. Mich. Feb. 15, 2007) (citing *United States v. Lopez-Medina*, 461 F.3d 724, 743 n.4 (6th Cir. 2006)). The Court can consider a new argument raised in a reply brief but must give "the nonmoving party an opportunity to respond." *Seay*, 339 F.3d at 481–82. Still, "*Seay* only mandates that the district court provide an adequate opportunity to respond, not an indefinite opportunity to

6

respond." *Key*, 551 Fed. App'x at 265. Because Defendant raised a new argument in its reply brief, the Court will allow Plaintiff an opportunity to respond.

Defendant argues that Plaintiff did not timely file this motion because it waited "nearly one month after the filing of [Defendant's reply] brief." [R. 42, p. 2]. But, when comparing this timeline to other cases, Plaintiff's response did not delay the Court such that it should not have an opportunity to respond. *See Key*, 551 Fed. App'x at 265 ("[The unexplained delay of six months in moving for leave to file the sur-reply justified [the district court's] denial."); *Rose v. Liberty Life Assurance Co. of Bos.*, No. 3:15-CV-28-DJH-CHL, 2015 WL 10002923, at *1 (W.D. Ky. Oct. 19, 2015) (finding that waiting fifteen days to file sur-reply "did not create any delay for the Defendant or the Court"). Therefore, the Court determines that, in the interest of affording Plaintiff an opportunity to respond to Defendant's new argument, Plaintiff's Motion for Leave to File Sur-Reply is granted. The Court accepts the sur-reply attached as Exhibit 40-1 and has considered it.

### B. Good Cause Under Rule 60(b)(1)

As noted above, Defendant initially argued that the default judgment should be set aside because it had not been properly served. [R. 31-1]. However, in its reply brief, it argued that, regardless of whether service of process was proper, good cause warranted setting aside the default judgment. [R. 39]. Plaintiff was given an opportunity to file a sur-reply addressing this argument, and this issue has therefore been fully briefed. Accordingly, the Court next turns to whether there is good cause to set aside the default judgment.

The grounds for setting aside entries of default and default judgment are set forth in the Federal Rules of Civil Procedure. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843 (6th Cir. 1983). Rule 55(c) states that "[t]he court may set aside an entry of default for

good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

Rule 60(b) in turn provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "When relief is sought only from the entry of default the standard is 'good cause,' and when relief is also sought from the entry of a judgment by default the 'reasons' set forth in Rule 60(b) may supply the good cause." *United Coin Meter*, 705 F.2d at 843–44; *see Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).

When evaluating a motion to set aside under Rule 55(c), courts usually balance the three factors identified in *United Coin Meter*: (1) "the defendant's culpable conduct," (2) "the existence of a meritorious defense," and (3) "the existence of prejudice to the plaintiff." *United Coin Meter*, 705 F.2d at 845. "However, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1)." *Orms v. Bailey*, No. 5:05-257-JMH, 2006 WL 3845028, at *2 (W.D. Ky. Dec. 22, 2006) (internal quotation marks omitted) (citing *Waifersong*, 976 F.2d at 292). "Instead, the defendant must demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect before it will be permitted to

8

demonstrate that it satisfies the other two factors." *Id.* (internal citations omitted). A defendant's culpability must be examined first, because, under Rule 60(b),

> a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

*Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 432 (6th Cir. 1996) (citing *United Coin Meter*, 705 F.2d at 845). In other words, "the Court only considers the second and third factors if the defendant meets his or her burden of demonstrating that the default did not result from his or her culpable conduct—that is, by showing that the default was the product of mistake, inadvertence, surprise, or excusable neglect." *Commodities Futures Trading Comm'n v. Erskine*, No. 1:04-CV-16, 2004 WL 7338547, at *1 n.2 (N.D. Ohio Oct. 8, 2004) (internal quotation marks omitted).[1]

Ultimately, whether to grant a motion to set aside a default judgment rests within the Court's discretion. *See United Coin Meter*, 705 F.2d at 843. "In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) equitably and liberally to

---

[1] The caselaw applying the *United Coin Meter* factors to a motion to set aside default judgment under Rule 60(b) is inconsistent. Many courts follow *Waifersong*'s instructions to consider the defendant's culpability in terms of the good cause factors found in Rule 60(b)(1). 976 F.2d at 292; *Orms*, 2006 WL 3845028, at *2; *Copeland v. Lampkin*, No. 22-11954, 2024 WL 4642753, at *3 (E.D. Mich. Oct. 31, 2024); *United States v. Erica McGowan & Am. Enter., Inc.*, No. 2:21-CV-10624, 2021 WL 8315844, at *6–7 (E.D. Mich. Dec. 13, 2021). The Sixth Circuit has also utilized the *Waifersong* analysis in more recent cases but has not directly addressed the discrepancy between evaluating a defendant's culpability under *Waifersong* or *Thompson*. *See Citizens Bank v. Parnes*, 376 Fed. App'x 496, 503–04 (6th Cir. 2010); *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006); *United States v. Barrow*, No. 17-1628, 2018 WL 2670617, at *1 (6th Cir. 2018). District courts have also continued to incorporate the standard used in *Thompson*, with these courts considering the good cause factors found in Rule 60(b) before analyzing the defendant's culpability separately as they would under a motion to set aside entry of default. *Thompson*, 95 F.3d at 433; *see Nelson v. Metalsa*, No. 3:21-CV-293-CHB, 2023 WL 8719636 (W.D. Ky. June 16, 2023); *see also Allen Lund Co., LLC v. Captain Freight, LLC*, No. 3:18-cv-357, 2019 WL 2003872 (S.D. Ohio May 6, 2019). In this case, because the Sixth Circuit has continued to use the *Waifersong* analysis when evaluating appeals concerning Rule 60(b), the Court will follow the procedure set out in *Waifersong*. 976 F.2d at 292. The Court notes that the outcome would be the same if it were to apply the *Thompson* analysis instead.

achieve substantial justice." *Id.* at 845 (cleaned up). Still, "once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong*, 976 F.2d at 292; *Burrell*, 434 F.3d at 832 ("Public policy favoring the finality of judgments is reflected in the more specific requirements of Rule 60(b) that apply once an actual default judgment has been entered and damages have been calculated.").

Defendant argues good cause in the form of "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). [R. 39, p. 3]. Specifically, Defendant represents that "[t]his is not a situation where a matter simply slipped through the cracks, but one in which [Defendant], through no fault of its own, was truly unaware of this proceeding." *Id.* (internal quotation marks omitted). Defendant claims that it has shown good cause because it never received process, and it had "no knowledge of this proceeding until after the entry of the default judgment."[2] *Id.* In the sur-reply attached to its Motion for Leave to File Sur-Reply, Plaintiff contends that Defendant waived its argument regarding good cause by not including it in its initial Motion to Set Aside Default Judgment, *see* [R. 40-1, pp. 3–4]; additionally, Plaintiff argues that Defendant's "unawareness was a predictable consequence" and that "the defendant has not shown, by clear and convincing evidence, that its arguments outweigh the strong public policy favoring judgment finality." [R. 40-1, p. 4].

Upon consideration of this record, the Court finds that Defendant has demonstrated good cause to set aside the default judgment previously entered in this case under Rule 60(b)(1). The

---

[2] Specifically, Defendant notes that it first received notice of this default judgment after entry of a motion for proceedings supplemental was filed in the accompanying state court action on April 16, 2024. [R. 31-2, p. 2]. However, service of process for the state court proceeding was returned served on April 12, 2024, four days prior to the date that Defendant states it was first made aware. *Aggregate Processing, Inc. v. Indiana Shingle Recycling, LLC*, 49D03-2404-MI-015486 (Marion Super. Ct. Apr. 12, 2024).

Court first examines the defendant's culpability in terms of whether its "default was the product of mistake, inadvertence, surprise, or excusable neglect." *Commodities Futures Trading Comm'n*, 2004 WL 7338547, at *1 n.2; *Killing v. Craft Auto. Repair*, No. 4:21CV0507, 2023 WL 5487053, at *4 (N.D. Ohio Aug. 23, 2023) ("To prove that it was not culpable for its default, a defendant may show that its default was due to mistake, inadvertence, surprise, or excusable neglect under Fed. R. Civ. P. 60(b)(1)." (internal quotation marks omitted)). Here, the Court finds that the Defendant has demonstrated surprise. Based on the affidavit of Defendant's President, Liesel Ray, filed in the record, it appears Defendant did not receive notice of this lawsuit until after the default judgment had been entered. [*See* R. 31-2]. Such a circumstance falls within the ambit of "mistake, inadvertence, surprise or excusable neglect" as contemplated by Rule 60(b)(1). *See Thompson*, 95 F.3d at 433 ("American Home clearly established surprise, as its agent attested that American Home was unaware that a lawsuit had been filed until after the default judgment had been entered."). This is true even if service was proper. *Thompson*, 95 F.3d at 433 ("Assuming *arguendo* that service of process on the Secretary of Labor was acceptable in these circumstances, the lack of actual notice of a lawsuit is a sufficient reason for the district court to set aside a judgment under Rule 60."); *Arbor Plastic Techs., LLC v. Spartech, LLC*, No. 3:21-CV-11194, 2022 WL 3223986, at *19 (E.D. Mich. July 25, 2022), *report and recommendation adopted*, No. 3:21-CV-11194, 2022 WL 3215006 (E.D. Mich. Aug. 9, 2022) (finding that, even with proper service, "relief should still be granted if [Defendant] did not have actual notice of this pending lawsuit"); *Allen Lund Co.*, 2019 WL 2003872, at *9 (explaining that the defendant "established surprise" because he "was not aware of the litigation until the week before filing the present motion, after the default judgment had been entered").

Because Defendant has shown that the default was due to surprise, and not due to its own culpability, the Court next considers the remaining two *United Coin Meter* factors: (1) whether the plaintiff will be prejudiced, and (2) whether the defendant has a meritorious defense. *United Coin Meter*, 705 F.2d at 845; *Commodities Futures Trading Comm'n*, 2004 WL 7338547, at *1 n.2.

"[F]or the setting aside of a default judgment to be considered prejudicial, it must result in more than delay. Rather, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson*, 95 F.3d at 433–34. The present record reveals no more prejudice than "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial," which "is not sufficient prejudice to require denial of a motion to set aside a default judgment." *See United Coin Meter*, 705 F.2d at 845. There is no indication in the record that delay would result in any harm to the plaintiff besides a delay in the final judgment. In addition, Plaintiff has not alleged prejudice in either its Motion for Leave to File Sur-Reply or accompanying sur-reply. *See* [R. 40]; [R. 40-1]. The Court therefore finds that this prejudice factor weighs in favor of setting aside the default judgment.

Third, regarding whether Defendant has a meritorious defense, the Court observes that likelihood of success on the merits is not the standard for this factor. *See United Coin Meter*, 705 F.2d at 845. "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *Id.* Such a defense "is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *See Thompson*, 95 F.3d at 434 (internal quotation marks omitted); *see also Matter of Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985) ("We read this to mean that the test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true."). Further, the Sixth Circuit does "not require that a defense be supported by detailed factual

allegations to be deemed meritorious." *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (finding that a defendant "asserted meritorious defenses" even though he "provided no factual allegations in support of these defenses" and listed them "conclusorily"). In its motion, Defendant submits that it has "credible evidence" to show that Plaintiff did not satisfy "its obligations under the contract," and that because of this, Defendant had to outsource the remaining work to another vendor. [R. 39, p. 5]. This circuit has previously determined that, "if certain conditions precedent to the defendant's obligation to pay have not been fulfilled, then [a party] could prevail on the merits." *Berthelsen v. Kane*, 907 F.2d 617, 622 (6th Cir. 1990). Defendant's claim that Plaintiff did not complete its work under the contract does satisfy the requirement that Defendant has a meritorious defense, and, further, neither party has disputed this issue. The Court therefore finds that this third factor also weighs in favor of setting aside the default judgment.

## III.     CONCLUSION

Having considered all the factors and the record in this case, the Court concludes that Defendant has offered good cause for why it did not previously respond to Plaintiff's Complaint or participate in this case. Therefore, while the Court will grant Plaintiff's Motion for Leave to File Sur-Reply, [R. 40], the Court will also grant Defendant's Motion to Set Aside Default Judgment. [R. 31]; *see United Coin Meter*, 705 F.2d at 846 ("Trials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.").

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Leave to File Sur-Reply, [**R. 40**], is **GRANTED**. The Court **DIRECTS** the Clerk to enter Plaintiff's Sur-Reply Opposing Defendant's Motion to Set Aside Default Judgment, [R. 40-1], in the record.

2. Defendant's Motion to Set Aside Default Judgment, [**R. 31**], is **GRANTED**.

3. The Entry of Default, [**R. 15**], and the Default Judgment, [**R. 30**], are **SET ASIDE**.

4. Within **twenty-one (21) days** of the entry of this Order, Defendant shall file either a responsive pleading or motion as contemplated by Federal Rule of Civil Procedure 12.

This the 19th day of November, 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY