UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

AGGREGATE PROCESSING, INC.,           )
                                      )
        Plaintiff/Counter Defendant   )      Civil Action No. 3:23-CV-00035-CHB-
                                      )                    CHL
v.                                    )
                                      )      **ORDER ADOPTING MAGISTRATE**
INDIANA SHINGLE RECYCLING LLC,        )      **JUDGE'S REPORT AND**
                                      )      **RECOMMENDATION**
        Defendant/Counter Claimant    )

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Colin H. Lindsay on April 1, 2026, which recommends that Plaintiff Aggregate Processing, Inc.'s Motion to Enforce Settlement, [R. 61], be granted. [R. 65]. The Magistrate Judge's Recommendation advised the parties that any objections must be filed within fourteen days, making the final date to file objections April 15, 2026. *Id.* at 12. However, on the day on which objections were due, Ms. Angela S. Fletcher and the law firm of Stoll Kennon Ogden PLLC filed a Motion to Withdraw as Counsel for Defendant/Counter Claimant Indiana Shingle Recycling, LLC ("ISR"). [R. 66]. The Court granted the motion to withdraw and provided ISR until Friday, May 8, 2026, by which its new counsel must file a notice of appearance with the Court. [R. 67]. The Court further instructed ISR that "[i]f replacement counsel does timely appear, that replacement counsel **will have up to an including Friday, May 15, 2026**, to file any objections to the Report and Recommendation." *Id.* at 2 (emphasis in original). However, the Court warned that failure of new counsel to make an appearance by Friday May 8, 2026, "**will be construed as having no objection to Judge Lindsay's Report and Recommendation**." *Id.* at 1–2 (emphasis in original). To date, neither party has filed any objections to the Recommendation

- 1 -

nor sought any further extension of time to do so. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommendation and grant Plaintiff's underlying motion.

On January 19, 2023, Plaintiff filed a complaint against ISR claiming a single count of breach of contract for alleged failure to pay invoices. [R. 1]. After various proceedings including the Court awarding default judgment to Plaintiff, [R. 29], and then later setting aside that default judgment, [R. 43], the parties eventually participated in a settlement conference conducted by the Magistrate Judge, *see* [R.55]. That settlement conference was successful, and the Magistrate Judge reported out that the parties "reached an agreement for the resolution of all claims." *Id.* The next day, on April 25, 2025, the Court dismissed this case with prejudice and gave the parties thirty (30) days leave to reinstate the case if settlement was not consummated. [R. 56]. Nothing was filed within those thirty days.

On October 17, 2025, the parties field a joint status report informing the Court that they were "unable to reach an agreement concerning a proposal for Defendant to fulfill the agreed-upon settlement terms." [R. 59]. The Magistrate Judge granted Plaintiff leave to file an appropriate motion to enforce the settlement, [R. 60], which Plaintiff filed on October 30, 2025, [R. 61]. ISR responded to Plaintiff's motion, [R. 62], and Plaintiff replied, [R. 63]. The Court thereafter referred this ripe motion to the Magistrate Judge for a Report and Recommendation. [R. 64].

In the motion, Plaintiff argues (1) that, under Kentucky law, the parties reached an enforceable "handshake" settlement agreement during the settlement conference, and (2) that the Court has the authority to enforce the settlement. [R. 61, pp. 3–6]. Plaintiff further argues that "[i]t is of no moment that ISR failed to return a signed copy of the agreement, because a signed agreement is not required under Kentucky law where, as here, the facts show the parties reached a binding settlement." *Id.* at 4. ISR responded arguing that no binding agreement was made by the

parties through the negotiations because the material terms were not agreed to and because the parties were not able to thereafter reduce their negotiations into a written settlement agreement. [R. 62, pp. 2–6].

The Magistrate Judge reviewed the motion and briefing and first concluded that, under Kentucky law, the parties entered into a binding settlement agreement at the conclusion of the settlement conference. [R. 65, pp. 2–6]. The Magistrate Judge also concluded that, not under the terms of the agreement, but under the Court's inherent authority, Plaintiff is entitled to an award of reasonable expenses in prosecuting this motion. *Id.* at 6–11. Ultimately, the Magistrate Judge recommended that "the Court enter a final judgment incorporating the terms of the parties' settlement agreement." *Id.* at 11; *see also* [R. 61-2 (settlement agreement)].

As mentioned, the Magistrate Judge's Recommendation, entered on April 1, 2026, advised the parties that any objections must be filed within fourteen days. [R. 65, p. 12]. However, on the day on which objections were due, ISR's counsel filed a motion to withdraw as counsel. [R. 66]. The Court granted the motion to withdraw and provided ISR until Friday, May 8, 2026, by which its new counsel must file a notice of appearance with the Court. [R. 67]. The Court specifically warned ISR that failure of new counsel to make an appearance by Friday May 8, 2026, "**will be construed as having no objection to Judge Lindsay's Report and Recommendation**." *Id.* at 1– 2 (emphasis in original). To date, new counsel has failed to make an appearance, and the Court has still not received any objections or requests for further extension from ISR.

Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who

- 4 -

fail to object to a Magistrate Judge's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, [**R. 65**], is **ADOPTED** as the opinion of this Court.

2. Plaintiff's Motion to Enforce Settlement, [**R. 61**], is **GRANTED**.

3. A separate Judgment shall be issued.

This the 11th day of May, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY